FILED
SUPERIOR COURT
OF GUAM

2021 FEB 19 PM 2: 17

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )        CRIMINAL CASE NO. CF0447-20
                                         )
                Plaintiff,               )
                                         )        DECISION AND ORDER RE.
        vs.                              )        MOTION FOR COMPETENCY
                                         )        HEARING: CHILD WITNESS
VINCENT JOHN ANDERSON CRUZ,              )
Aka VINCENT J.A. CRUZ aka BEN            )
DOB: 02/14/1980                          )
                                         )
                Defendant.               )
                                         )

On December 22, 2020, the grand jury returned a true bill indicting Defendant Vncent John Anderson Cruz aka Vincent J.A. Cruz, aka Ben ("Defendant") of Possession of an Unregistered Firearm (As a Third Degree Felony) and Unlawful Restraint (as a Misdemeanor). *Indictment* (Dec. 22, 2020). J.C. (DOB: 11/18/2014) is identified as a witness in the People's Witness List filed on February 12, 2021.

On November 27, 2020, Defendant filed his Motion for Competency Hearing of Child Witness J.C. (DOB: 11/18/2014)(the "Motion"). The Motion seeks a hearing in order to determine whether J.C., who "was 5 years old at the time of the alleged offenses ... has the basic comprehension and mental capacity to independently remember, recount, and swear to the truth of the events alleged." *Mot.* at 3.

Under 6 GCA § 601, every person is presumed competent to be a witness unless otherwise provided under the rules. A trial court has wide discretion to determine the competency of a witness. *People v. Taitano,* No. CR86-00025A, 1987 WL 109881, *3 (D.

Guam App. Div. 1987). Guam law does not prescribe criteria to challenge or examine the competency of child witness.[1] Children are competent witnesses if they "appreciate the difference between truth and falsehood" and possess the "required capacity for observation, recollection and communication." *Pocatello v. United States*, 395 F.2d 115 (9th Cir. 1968).[2]

In this case, Defendant seems to base the request to examine the competency of the child victims on the basis of age alone. Based upon the matters set forth in Defendant's Motion and the arguments of counsel during the hearing, the Court finds no evidence proffered by Defendant necessary for the Court to find that the victim is incompetent to speak truthfully about her personal knowledge. For this reason, the Court will hold the Defendant's *Motion in Limine* in abeyance. If it appears to the Court that a child witness appears unable to testify truthfully about matters of personal knowledge, the Court shall conduct the appropriate inquiry as required.

## CONCLUSION

For the reasons set forth herein, the Court denies Defendant's Motion; however, the Defendant may renew the motion should there be an articulable reason other than age upon which the Court may inquire by hearing into the competency of the child witness.

SO ORDERED this____FEB 1 9 2021____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

---

[1] *Compare* 18 U.S.C. § 3509(c) (compelling proof of incompetency permits child competency examination to determine child's ability to understand and answer simple questions), and *U.S. v. Allen J.*, 127 F.3d 1292, 1294 (10th Cir. 1997) (mental capacity is a question of credibility and not competence under Fed. R. Evid. 601), *with State v. Allen*, 424 P.2d 1021, 1022 (Wash. 1967) (At common law, "[t]he true test of the competency of a young child as a witness consists of the following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.").

[2] *Pocatello* involved the testimony of a 5-year old victim of forcible rape.